### NORTH v. CADY.

1. ELECTIONS—CIRCUIT JUDGES—PRIMARY ELECTION—STATUTES.
   Where there was but one candidate for the office of circuit judge in a county, it was unnecessary for the county clerk to certify the candidate's name to the board of election commissioners, and unnecessary to hold a primary election for said office. Section 7, Act No. 118, Pub. Acts 1913 (1 Comp. Laws 1915, § 3526).

2. CONSTITUTIONAL LAW—STATE LEGISLATURE—ELECTIONS — STATUTES.
   It is within the power of the legislature to regulate the elective franchise, and if the regulation be an unreasonable one it is a defect for the legislature to remedy, and not one for the courts.[1]

Certiorari to Calhoun; Collingwood, J., presiding. Submitted February 9, 1917. (Calendar No. 27,771.) Decided February 19, 1917.

---

[1]On constitutionality of primary election law, generally, see notes in 22 L. R. A. (N. S.) 1136; 41 L. R. A. (N. S.) 132.

Mandamus by Walter H. North against Willis A. Cady, county clerk of Calhoun county, to compel respondent to certify the name and address of relator as a candidate for nomination to the office of circuit judge in said county. From an order denying the writ, relator brings certiorari. Affirmed.

*Willard A. Knight,* for relator.

*Adrian F. Cooper,* Prosecuting Attorney, and *James Cleary,* Assistant Prosecuting Attorney, for respondent.

BIRD, J. The petition for writ of mandamus and the answer thereto filed in this cause raise the legal question whether it is necessary to hold a primary election for the office of circuit judge when there is but one candidate among all the political parties who has filed his petitions therefor.

The plaintiff is the sole candidate for the office of circuit judge in Calhoun county. The respondent takes the position that, under the circumstances, it is unnecessary to certify plaintiff's name to the board of election commissioners, and unnecessary to hold a primary election for the office of circuit judge, and he bases his contention upon the following provision of the primary law:

*"Provided,* that if upon the expiration of the time for filing petitions in any primary for city or county, it appears that there is no opposition to any candidate for any office, upon any ticket, then the city or county clerk, as the case may be, shall certify to the board of election commissioners, the names of all persons whose petitions have been properly filed, and the office for which such petitions were filed, and such persons shall be declared by such board of election commissioners nominees for the respective offices and such clerk shall forthwith notify the sheriff of the county and the several clerks of the townships interested, if any, and give notice that the primary will not be held as contem-

plated, giving the reasons therefor, and a public notice shall be given of such determination by a brief notice published by such clerk in a newspaper published in such county." Section 17, Act No. 118, Pub. Acts 1913 (1 Comp. Laws 1915, § 3526).

The provision of the statute is plain and unambiguous, and we think it applies to the situation presented by plaintiff's petition. The principal argument made in opposition to this construction is that it will deprive the electors of Calhoun county of an opportunity to participate in a primary for a candidate for circuit judge, and further that the provision is an unreasonable regulation, and is therefore invalid.

It has been many times held by this court that it is within the power of the legislature to regulate the elective franchise. *Brown* v. *Election Com'rs,* 174 Mich. 477 (140 N. W. 642), and cases cited. The legislature has exercised its discretion in this law by providing that under certain conditions no primary election need be held. If the regulation be an unreasonable one, it is a defect for the legislature to remedy, and not one for the courts.

In the case above cited a similar question was discussed, and it was there said:

"The test is, then, whether section 37 destroys the elective franchise or simply regulates it. If it destroys, it is our duty to declare it void. If it merely regulates, our duty is to declare it valid, and relief from its effects must be found in the legislature. An examination of section 37 will disclose that it is aimed at the voter's right to have his name placed upon the ballot, and not at his right to vote. The right to vote is protected by the Constitution. The right to have his name placed upon the ballot is one which is under the control of the legislature. But it is argued that it interferes with the exercise of the franchise, in that the names of the candidates for commissioners will not be printed upon the ballot. This does not destroy the right of franchise, because the voter may write the

names on the ballot. It may render his voting less convenient, but it does not destroy nor take away the right."

On account of the urgency for an early decision in this matter, we must content ourselves by saying that we think the construction placed upon the statute by the trial court is the proper one, and its order will be affirmed, without cost to either party.

KUHN, C. J., and STONE, MOORE, and STEERE, JJ., concurred. OSTRANDER, BROOKE, and FELLOWS, JJ., did not sit.